## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN OGLESBY,  #288-680    :

 Petitioner       :

   v.       :  Civil Action No. AW-05-2639

JON  P. GALLEY, WARDEN, *et al.*  :

 Respondents      :

        ..o0o..

### MEMORANDUM

   This matter is before the court on Petitioner Steven Oglesby.'s pro se application for a writ of habeas corpus under 28 U.S.C. §2254.  Petitioner challenges his conviction in 1999 in the Circuit Court for Baltimore City for second degree assault, kidnaping, conspiracy to kidnap, false imprisonment, and a handgun offense.  Counsel for  Jon P. Galley, Warden of Western Correction Institution and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.  Petitioner has filed a response claiming he is entitled to equitable tolling to which Respondents have filed a reply.[1]

   Upon review of the pleadings, the court finds no need for an evidentiary hearing.  <u>See</u> 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  The petition is time-barred under 28 U.S.C. §2244(d)(1) and will be dismissed by separate order.

---

   [1]  In accordance with <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002),  Petitioner was granted thirty days to explain why the petition was timely or why principles of equitable tolling should apply.

## I. Procedural History

Petitioner was convicted of second degree assault, kidnaping, conspiracy to kidnap, false

imprisonment, and a handgun offense in the Circuit Court for Baltimore City on August 23, 1999.

Paper No.  4, Exhibits 1 & 2.  On October 27, 1999, that court imposed a sentence of twenty-six

years on the kidnaping conviction, a concurrent twenty-six year sentence on the conspiracy to

kidnap conviction, a consecutive nine-year sentence on the second degree assault conviction, and

a concurrent two-year sentence for the handgun violation. See id.  The Court of Special Appeals

affirmed the convictions on appeal in an unreported opinion dated  July 17, 2000.  Paper No. 4,

Exhibit 2.  The mandate issued on August 16, 2000.  See id.  By order dated October 13, 2000,  the

Court of Appeals of Maryland denied certiorari review. Paper No. 4,  Exhibit 3.  Petitioner did not

file a petition for writ of certiorari in the Supreme Court of the United States.

Under these facts, Petitioner's convictions became final on January 11, 2001, and the one-

year limitations period started to run on January 12, 2001.  See Md. Code Courts & Judicial

Proceedings 12-301.  Petitioner commenced post conviction proceedings in the Circuit Court for

Baltimore City on September 24, 2001. [2]  Paper No. 4, Exhibit 4.  By order filed on May 12, 2004,

the court denied post conviction relief.  Paper No. 4, Exhibit 5.  Petitioner's subsequent application

for leave to appeal the denial of his petition for post conviction relief, filed on June 8, 2004, was

summarily denied by the Court of Special Appeals on February 10, 2005.  Paper No. 4,  Exhibit 6.

---

[2]        Respondents correctly indicate that although Petitioner states he filed for state
post conviction relief in September 2000, the record shows  the petition was signed and dated
September 23, 2001, and received by the Circuit Court for Baltimore City on September 24,
2001.  Paper No. 4 at 4, n. 2; Exhibit 4.

The mandate issued on March 14, 2005.  See id.

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions.  See 28 U.S.C. § 2244(d). [3]  This one-year period  is tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

---

[3]This section provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**III. Analysis**

The instant petition is dated September 15, 2005.  Paper No. 1. The court will assume for the purposes of assessing timeliness under 28 U.S.C. §2244(d) that it was delivered to prisoner authorities on the date it was signed and therefore filed the same day.  See  Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey,  988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison  mailbox" rule).  The one-year limitation period under 28 U.S.C. §2244(d) began to run on January 12, 2001.  There were no state post conviction proceedings pending to toll the limitations period during between: 1) January 12, 2001 through September 23, 2001; and 2) March 14, 2005 through September 14, 2005.  These time periods combined exceed fourteen months.  Consequently, the petition was filed outside the one-year limitations period and will be dismissed as untimely.

To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing the petition or that circumstances beyond his control caused the delay.  See  Rouse v. Lee, 339  F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.   Petitioner contends that on January 21, 2001, the same day the one-year period of limitations commenced,  he was improperly placed on six-months segregation based on a false-positive test result from a contaminated urine analysis.  Paper No. 8 at 2.  As a result of his segregation, he asserts that his legal papers were confiscated by corrections personnel.  Further, he states that prior to his

segregation, he was awaiting "legal cases that he had ordered for filing for post conviction. [He] never received the legal cases due to his transfer as a direct result of this wrongful infraction." Id.

In response, counsel for Respondents has submitted exhibits that completely refute these assertions. Respondents' exhibits demonstrate that on December 18, 2000, during a spot check for controlled dangerous substances, a urine sample was obtained from Petitioner. A chain of custody was established, and the specimen tested positive for cannabinoid. Paper No. 14, Exhibit 2. A retest conducted the next day by a different test operator confirmed the presence of cannabinoid. See id. As a result, Petitioner was charged with an institutional rule violation and a formal hearing was conducted at which Petitioner pleaded guilty. Paper No. 14, Exhibit 3. On January 12, 2001, Petitioner was placed on category I segregation for 150 days. Paper No. 14, Exhibit 5. The Warden reviewed and affirmed the decision on January 17, 2001. Paper No. 14, Exhibit 6.

These records show that Petitioner pleaded guilty to an institutional rule violation after a properly conducted urinalysis tested positive for a controlled substance. Petitioner's claim that his segregation was based on an improper charge is without merit. [4] Further, Petitioner's suggestion that his segregation somehow prevented him from timely filing his federal habeas petition is also without merit. Paper No. 14, Exhibit 6 at 6-7. [5] Under these facts, there is no evidence to show

---

[4]     Petitioner's "Matter of Record" attached as Exhibit 1 in support of his response appears to belong to an inmate other than Oglesby. It states that a urinalysis indicating the presence of PCP was defective.

[5]     Petitioner's request for legal materials could not be completed because on February 6, 2001, he was transferred to the Maryland House of Correction-Annex. Papers Nos. 8 at Exhibit 2,14 at 5-6. There is no evidence that Petitioner was denied access to legal materials to which he was entitled or that Petitioner notified the prison library about his change in housing.

5

Respondents acted improperly, contributed to his delay in filing the petition, or that circumstances beyond his control caused the delay.  In sum, there is no cause to apply principles of equitable tolling.

**IV. Conclusion**

For these reasons, the petition for federal habeas corpus relief is untimely. The petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

April 18, 2006                                           _____/s/_____
                                                          Alexander Williams, Jr.
                                                          United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN OGLESBY,  #288-680        :

     Petitioner                  :

        v.                   :     Civil Action No. AW-05-2639

JON  P. GALLEY, WARDEN, *et al.*     :

     Respondents            :

..o0o..

### MEMORANDUM

This matter is before the court on Petitioner Steven Oglesby.'s  pro se application for a writ of habeas corpus under 28 U.S.C. §2254.  Petitioner challenges his conviction in 1999 in the Circuit Court for Baltimore City for second degree assault, kidnaping, conspiracy to kidnap, false imprisonment, and a handgun offense.  Counsel for  Jon P. Galley, Warden of Western Correction Institution and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.  Petitioner has filed a response claiming he is entitled to equitable tolling to which Respondents have filed a reply.[1]

Upon review of the pleadings, the court finds no need for an evidentiary hearing.  See 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.*  The petition is time-barred under 28 U.S.C. §2244(d)(1) and will be dismissed by separate order.

---

[1]     In accordance with <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002),  Petitioner was granted thirty days to explain why the petition was timely or why principles of equitable tolling should apply.

## I. Procedural History

Petitioner was convicted of second degree assault, kidnaping, conspiracy to kidnap, false imprisonment, and a handgun offense in the Circuit Court for Baltimore City on August 23, 1999. Paper No.  4, Exhibits 1 & 2.  On October 27, 1999, that court imposed a sentence of twenty-six years on the kidnaping conviction, a concurrent twenty-six year sentence on the conspiracy to kidnap conviction, a consecutive nine-year sentence on the second degree assault conviction, and a concurrent two-year sentence for the handgun violation. See id.   The Court of Special Appeals affirmed the convictions on appeal in an unreported opinion dated  July 17, 2000.  Paper No. 4, Exhibit 2.  The mandate issued on August 16, 2000.  See id.   By order dated October 13, 2000,  the Court of Appeals of Maryland denied certiorari review. Paper No. 4,  Exhibit 3.  Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States.

Under these facts, Petitioner's convictions became final on January 11, 2001, and the one-year limitations period started to run on January 12, 2001.  See Md. Code Courts & Judicial Proceedings 12-301.  Petitioner commenced post conviction proceedings in the Circuit Court for Baltimore City on September 24, 2001. [2]  Paper No. 4, Exhibit 4.   By order filed on May 12, 2004, the court denied post conviction relief.  Paper No. 4, Exhibit 5.  Petitioner's subsequent application for leave to appeal the denial of his petition for post conviction relief, filed on June 8, 2004, was summarily denied by the Court of Special Appeals on February 10, 2005.  Paper No. 4,  Exhibit 6.

---

[2]        Respondents correctly indicate that although Petitioner states he filed for state post conviction relief in September 2000, the record shows  the petition was signed and dated September 23, 2001, and received by the Circuit Court for Baltimore City on September 24, 2001.  Paper No. 4 at 4, n. 2; Exhibit 4.

The mandate issued on March 14, 2005.  See id.

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital

state convictions.  See 28 U.S.C. § 2244(d). [3]  This one-year period  is tolled while properly filed post

conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2);

Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

---

[3]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

**III. Analysis**

The instant petition is dated September 15, 2005.  Paper No. 1. The court will assume for the purposes of assessing timeliness under 28 U.S.C. §2244(d) that it was delivered to prisoner authorities on the date it was signed and therefore filed the same day.  See  Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey,  988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison  mailbox" rule).  The one-year limitation period under 28 U.S.C. §2244(d) began to run on January 12, 2001.   There were no state post conviction proceedings pending to toll the limitations period during between: 1) January 12, 2001 through September 23, 2001; and 2) March 14, 2005 through September 14, 2005.  These time periods combined exceed fourteen months.  Consequently, the petition was filed outside the one-year limitations period and will be dismissed as untimely.

To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing the petition or that circumstances beyond his control caused the delay.  See  Rouse v. Lee, 339  F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.   Petitioner contends that on January 21, 2001, the same day the one-year period of limitations commenced,  he was improperly placed on six-months segregation based on a false-positive test result from a contaminated urine analysis.  Paper No. 8 at 2.  As a result of his segregation, he asserts that his legal papers were confiscated by corrections personnel.  Further, he states that prior to his

4

segregation, he was awaiting "legal cases that he had ordered for filing for post conviction. [He] never received the legal cases due to his transfer as a direct result of this wrongful infraction." Id.

In response, counsel for Respondents has submitted exhibits that completely refute these assertions.  Respondents' exhibits demonstrate that on December 18, 2000, during a spot check for controlled dangerous substances, a urine sample was obtained from Petitioner.  A chain of custody was established, and the specimen tested positive for cannabinoid.  Paper No. 14, Exhibit 2.  A retest conducted the next day by a different test operator confirmed the presence of cannabinoid.  See id. As a result, Petitioner was charged with an institutional rule violation and a formal hearing was conducted at which Petitioner pleaded guilty.  Paper No. 14,  Exhibit 3.   On  January 12, 2001, Petitioner was placed on category I segregation for 150 days.  Paper No. 14, Exhibit 5.  The Warden reviewed and affirmed the decision on January 17, 2001. Paper No. 14, Exhibit 6.

These records show that Petitioner pleaded guilty to an institutional rule violation after a properly conducted urinalysis tested positive for a controlled substance.  Petitioner's claim that his segregation was based on an  improper charge is without merit. [4]  Further,  Petitioner's suggestion that his  segregation somehow prevented him from timely filing his federal habeas petition is also without merit. Paper No. 14, Exhibit 6 at 6-7. [5]   Under these facts, there is no evidence to show

---

[4]        Petitioner's "Matter of Record" attached as Exhibit 1 in support of his response appears to belong to an inmate other than Oglesby. It states that a urinalysis indicating the presence of PCP was defective.

[5]        Petitioner's request for legal materials could not be completed because on February 6, 2001, he was transferred  to the Maryland House of Correction-Annex.  Papers Nos. 8 at Exhibit 2,14 at 5-6. There is no evidence that Petitioner was denied access to legal materials to which he was entitled or that Petitioner notified the prison library about his change in housing.

Respondents acted improperly, contributed to his delay in filing the petition, or that circumstances beyond his control caused the delay.  In sum, there is no cause to apply principles of equitable tolling.

**IV. Conclusion**

  For these reasons, the petition for federal habeas corpus relief is untimely. The petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

April 18, 2006            _____/s/_____

               Alexander Williams, Jr.
               United States District Judge